CROUCH<br>*v.*<br>LOCKETT.

---

## MICHEL *v.* POLICE JURY OF WEST BATON ROUGE.

Where, in consequence of the failure to give to the owner of a plantation the notice required by the police regulations of the parish, of the work to be done in making a road and levée on his plantation, the contractor to whom the work was adjudicated cannot proceed summarily to seize and sell the land, he may recover from the police jury the amount due under his contract.

The record of the proceedings of a police jury, though not in the english language, were admissible in evidence while the constitution of 1812 was still in force.

APPEAL from the District Court of West Baton Rouge, *Farrar, J. G. S. Lacey*, for the plaintiff. *Bennett*, for the appellants. The judgment of the court was pronounced by

EUSTIS, C. J. The plaintiff, who represents *Joseph Claudel*, to whom was adjudicated the making of the road and levée on the plantation of the heirs of *Collins Blackman*, situated on the river Mississippi, in the parish of West Baton Rouge, took his executory proceedings against the land, which were enjoined on the ground that notice had not been duly given to the proprietors according to the requisition of the police regulations of said parish. See 12 Robinson, 593. On the failure of his recourse against the land he sued the police jury, and obtained a verdict for the amount of the adjudication, to wit, $1,580, for which judgment was rendered with interest from judicial demand. Under the authority of the cases of *Croizet* v. *The Police Jury of Pointe Coupée*, 1 La. 109, *Morgan* v. *The Same*, 11 La. 158, *Newcomb* v. *The Police Jury of East Baton Rouge*, 4 Robinson, 233, and *O'Brien* v. *The Police Jury of Concordia*, 2 Annual R. 355, we think the defendants are liable to the plaintiff.

A bill of exceptions was taken to the admission of the record of the police jury conferring the office of inspector of roads and levées on *Robert L. Knox*, by whom the adjudication to *Claudel* was made. *Knox* having been avowedly and publicly the officer of the parish, and made contracts in that capacity, and been recognized constantly as such by the defendants, it is questionable as to what extent, in a case of this kind, they would be permitted in a court of justice to dispute his authority. The objection is that, the record of the police jury is not in the english language.

MICHEL          When the provision of the constitution of 1812, under which this exception
POLICE JURY.    was made, *relating to the public records of the State*, was first brought before our
courts for consideration, the subject was thoroughly examined, and several de-
cisions were made upon its extent and intendment, and we at this remote day
consider it a sufficient answer to the objection made to the admission of the
evidence, that no court in this State has ever, to our knowledge, recognized it
as tenable. We consider that the court did not err in rendering judgment for
the plaintiff under the evidence.

We cannot reverse the judgment on account of the allowance of interest
from the judicial demand. It is legally due, and if the judge of the first in
stance had not given it to the plaintiff, we should have given it.

*Judgment affirmed.*